IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| HERBERT A. LUCAS-JACKSON, IV, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. 4:23-CV-0662-DGK |
| | ) | Crim. No. 4:11-CR-0260-DGK |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER GRANTING MOTION TO CORRECT SENTENCE

In 2012, Petitioner pled guilty to two counts of distribution of drugs (Counts One and Four), one count of being a felon in possession of a firearm (Count Two), and one count of possession of a firearm in furtherance of drug trafficking (Count Three). The Court sentenced him as a career offender under the Armed Career Criminal Act ("ACCA") and imposed concurrent 202-month sentences on Counts One, Three, and Four, and a consecutive 60-month sentence on Count Two, for an aggregate sentence of 262 months' imprisonment. In 2022, the Eighth Circuit ruled in *United States v. Myers* that the Missouri convictions used to sentence Petitioner as a career offender did not qualify as serious drug offenses. 56 F.4th 595 (8th Cir. 2022).

Now before the Court is Petitioner's Motion to Correct Sentence Under 28 U.S.C. § 2255. ECF No. 1. Petitioner notes that in the wake of *Myers*, his 202-month sentence on Count 3 is an illegal sentence that exceeds the 10-year statutory maximum. Petitioner also argues *Myers* affects the statutory sentencing range in Counts I and IV and could affect his Guidelines range too. For relief, Petitioner requests a new sentencing hearing.

After careful considering a variety of factors, including the Government's waiving any defense related to timeliness, the parties' arguments concerning the concurrent sentence doctrine, and the sentencing package doctrine, the motion is GRANTED. The Court vacates Petitioner's sentence, directs probation to issue a Presentence Investigation Report addendum, and orders a resentencing hearing.

## Procedural History

On July 30, 2011, St. Joseph, Missouri, Police Department officers attempted to stop Petitioner on an active parole violation warrant. He then fled from the police in a car, causing an accident, and then fled from the scene of the accident on foot, successfully evading officers. In the abandoned car, officers found 6.8 grams of cocaine base ("crack cocaine"), a .40 caliber handgun, and a bag of marijuana.

On September 19, 2011, officers arrested Petitioner as he was entering a car parked in front of his residence. Inside the car officers found 13.5 grams of powder cocaine, 15.4 grams of crack cocaine, and a plastic bag of marijuana. Inside the residence officers found baggies, torn baggies, a digital scale with white residue, and baking soda—items used to manufacture and distribute crack cocaine.

On October 19, 2011, a grand jury indicted Petitioner on four felonies. Counts One and Four alleged possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); Count Two alleged possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and Count Three alleged felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Counts One and Four normally carried a statutory range of up to 20 years' imprisonment under § 841(b)(1)(C). On June 19, 2012, the Government filed an information under 21 U.S.C.

§ 851 alleging Petitioner had prior felony drug convictions. The information increased the statutory range of punishment for Counts One and Four to up to 30 years' imprisonment.

On July 2, 2012, Petitioner pled guilty to all charges without a plea agreement.

Because of three prior Missouri convictions for selling cocaine,[1] the PSR determined Petitioner was an armed career criminal under 18 U.S.C. § 924(e). As a result, the statutory range of punishment for Count Three increased from a maximum of 10 years to 15 years to life imprisonment. 18 U.S.C. § 924(a)(2).

The PSR also determined that because of his prior felony state drug offenses, Petitioner was a career offender under U.S.S.G. § 4B1.1. Utilizing the career offender provisions, the PSR calculated a base offense level of 34 but applied a three-level reduction for acceptance of responsibility, yielding a total offense level of 31 and an aggregate advisory Guidelines range of 262 to 327 months. The PSR calculated a criminal history score of 14, yielding a criminal history category of VI. The PSR cited a statutory range of punishment of up to 30 years on Counts One and Four; 15 years to life on Count Three; and a consecutive five years to life on Count Two. The PSR also determined the supervised release range was four to five years on Counts One and Four and not more than five years on Counts Two and Three. Petitioner did not file any written objections to the PSR.

On January 24, 2013, this Court imposed concurrent 202-month sentences—the low end of the Guidelines range—on Counts One, Three, and Four, and a consecutive 60-month sentence on Count Two, for an aggregate sentence of 262 months' imprisonment, and concurrent terms of five years' supervised release. Petitioner did not appeal.

---

[1] The PSR noted Petitioner had three prior convictions pertaining to distribution/delivery or manufacture of cocaine in Buchanan County, Missouri, case nos. 09BU-CR1664-01, 09BU-CR01900-01, and 09BU-CR01899-01.

Petitioner is currently incarcerated at the federal correctional institution in Florence, Colorado, with a projected release date of February 14, 2032.

## Standard of Review

In a proceeding brought under 28 U.S.C. § 2255, the district court may "vacate, set aside or correct [a] sentence" that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).

## Discussion

At the outset, the Court expresses its gratitude to the attorneys for their clear, effective, and short briefing on the issues presented.

The Government has waived any defense related to the timeliness of Petitioner's motion. It also agrees that if Petitioner were sentenced today, he would no longer have any qualifying serious drug felony convictions and would not be an armed career criminal.

The Government nonetheless opposes the motion. The Government argues that since Petitioner received concurrent sentences of 202 months imprisonment on Counts One and Four, the Court should deny relief under the concurrent sentence doctrine.[2] It argues the Court's statements during the sentencing hearing demonstrates it would not have imposed a lesser sentence. It notes the Court observed that in the instant offense, Petitioner fled from police, causing a serious risk to the community, and while possessing a firearm and crack and powder cocaine. He also received a lenient sentence for his prior drug convictions, and then absconded from supervision and went back to selling drugs. But the Government also notes the Court credited Petitioner for accepting responsibility and being honest with law enforcement, and that

---

[2] "The concurrent sentence doctrine allows courts to decline to review the validity of a concurrent conviction or sentence when a ruling in the defendant's favor would not reduce the time he is required to serve or otherwise prejudice him in any way." *Eason v. United States*, 912 F.3d 1122, 1123 (8th Cir. 2019).

the Court ultimately imposed a sentence at the bottom of the advisory Sentencing Guidelines range.

Petitioner argues the Court should grant his request for relief under § 2255 because he was incorrectly sentenced under the ACCA. Petitioner argues the concurrent sentence doctrine is inapplicable here and the sentencing package doctrine mandates holding a resentencing hearing. With respect to the concurrent sentencing doctrine, Petitioner first points out the Court imposed a bottom-of-the-Guidelines sentence despite the Government's request for a mid to high range sentence, which suggests the Court was at least open to considering a lesser sentence. He also notes the Court explicitly referenced Petitioner's ACCA status as a basis for its sentence.[3]

Second, Petitioner notes in cases applying the concurrent sentence doctrine the court typically indicates on the record it would have imposed the same sentence regardless of the validity of the defendant's objection or ACCA status.

Third, the § 851 enhancements the Court applied on Counts One and Four improperly expanded his statutory sentencing range on Count One and Four. Thus, the proper statutory maximum on Counts One and Four was twenty years, not thirty, as the Court believed at the original sentencing. Thus, the sentence the Court imposed at the original sentencing hearing was much less than the maximum it could have imposed but is not much below the correct statutory maximum of 240 months imprisonment. He contends the Court should have the opportunity to reassess the sentence in relation to the correct statutory maximum.

Fourth, while Petitioner cannot demonstrate his aggregate corrected Sentencing Guidelines range would be reduced since his prior cocaine convictions are still controlled

---

[3] The Court stated during the sentencing hearing, "But you've got a very serious criminal history that's made you—classified you as a type of person who gets a more severe punishment because of your criminal history. . . . So this armed career criminal designation is serious, obviously, and you know that." Sent. Tr. at 21, Crim. ECF No. 33.

5

Case 4:11-cr-00260-DGK   Document 36   Filed 06/04/24   Page 5 of 7

substance offenses under the U.S.S.G § 4B1.2(b), this may change with revisions to the Guidelines.

Finally, Petitioner notes that he completely accepted responsibility for his actions and from 2014 to present, he has not made any filings, including, as Petitioner puts it, "meritless compassionate release motions, or other ticky-tacky filings, like so many other inmates do that waste this Court's judicial resources." Reply at 9, ECF No. 5.

Petitioner also contends the sentencing package doctrine[4] weighs in favoring of ordering a resentencing hearing here. Petitioner notes it is not unusual in the Western District of Missouri for the Government to ask for a full resentencing under this doctrine.

After carefully considering the parties' arguments, the Court declines to apply the concurrent sentencing doctrine here and instead applies the sentencing package doctrine. The Court declines to apply the concurrent sentencing doctrine because this is not a case where the Court said at the time of the original sentencing that it would impose the same sentence regardless of Petitioner's ACCA status or the Sentencing Guidelines. Applying the sentencing package doctrine makes more sense so the Court can consider all available information in fashioning an appropriate sentence under § 3553(a), including changes in the law and Petitioner's behavior while incarcerated. But the Court cautions Petitioner that the fact that it is ordering a new sentencing hearing does not necessarily mean the Court will impose a lesser sentence.

---

[4] Under the sentencing package doctrine, a court may vacate the entire sentence on all counts and then reconfigure it to ensure that it remains adequate to satisfy the sentencing factors in 18 U.S.C. § 3553(a). *United States v. McArthur*, 850 F.3d 925, 943 (8th Cir. 2017). The doctrine is often applied in cases involving "multicount indictments and a successful attack by a defendant on some but not all of the counts of conviction." *Id*.

## Conclusion

For the reasons discussed above, the motion is GRANTED. The Court vacates Petitioner's sentence, directs probation to issue a Presentence Investigation Report addendum, and orders a resentencing hearing.

**IT IS SO ORDERED.**

Date:  June 4, 2024                              /s/ Greg Kays
                                                 GREG KAYS, JUDGE
                                                 UNITED STATES DISTRICT COURT